RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

Attorneys for Defendants
KEYNETICS INC. and CLICK SALES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>   Plaintiff,<br><br> v.<br><br>KEYNETICS INC., a Delaware corporation, CLICK SALES INC., a Delaware corporation, 418 MEDIA LLC, an Ohio limited liability company,<br><br>   Defendants. | Case No.: 3:16-cv-00684<br><br>**NOTICE OF REMOVAL**<br><br>Action Filed: October 2, 2015 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Keynetics Inc. and Click Sales Inc. (collectively "Defendants") remove this action from the Superior Court of the State of California for the County of San Francisco, and in support of this removal state as follows:

## PROCEDURAL HISTORY AND NOTICE TIMING

1. On October 2, 2015, Plaintiff William Silverstein filed this proposed class action in the Superior Court of the State of California for the County of San Francisco. *See* Ex. A (Original Complaint). Defendants were not served with this pleading.

2. On January 5, 2016, Plaintiff William Silverstein filed a First Amended Complaint ("FAC"), which alleges violations of California's Restrictions on Unsolicited Commercial Email, Cal. Bus. & Prof. Code § 17529.5. *See* Ex. B. Defendants were electronically served, through counsel, on January 12, 2016. *See* Ex. C (January 12, 2016 E-mail).

3. This Notice of Removal is timely filed because it is within thirty (30) days of service on Defendants of a copy of the initial pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

4. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because San Francisco County, where the action is currently pending, is located within the Northern District of California.

5. No previous notice of removal has been filed in this case.

6. By removing this action, Defendants do not waive any defenses available to them. By way of setting forth the bases for removal in this Notice, Defendants in no way concede the truth of the allegations in the First Amended Complaint. Nor do Defendants concede that the alleged claim is amenable to class treatment or that Plaintiff or any proposed class member is entitled to any recovery.

## JURISDICTION

7. This Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, because: (1) the proposed class consists of at least 100 members; (2) the citizenship of at least one proposed class member in the First Amended Complaint is different from a Defendant; and (3) the amount in controversy, aggregated for all class members, exceeds $5 million, exclusive of interests and costs.

/ / /

8. Plaintiff purports to bring this case as a class action, and seeks certification of a putative class. *See* FAC ¶¶ 53-62, 73; *see also* 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to represent a class of California residents who are members of the "C, Linux and Networking" group on the networking website LinkedIn, and who received unsolicited commercial e-mails from certain advertising websites. FAC ¶ 53. Plaintiff alleges that "[a]s of August 6, 2015, there were at least 19,268" members of the "C, Linux and Networking" LinkedIn group, and that "[a] sizeable number of the group members reside in California." *Id.* ¶ 55. While the number of proposed class members is not alleged, given the number of group members and the allegation that a number of them reside in California, the proposed class is likely greater than 100 members. *See* § 1332(d)(5)(B).

9. Sufficient diversity of citizenship is present, as the citizenship of at least one proposed class member is different than that of one of the Defendants. *See* § 1332(d)(2)(A). Plaintiff William Silverstein alleges he is a resident of California. FAC ¶ 4. Similarly, members of the proposed class are "California residents." *See id.* ¶ 53. Defendant Keynetics Inc. and its subsidiary, Click Sales Inc., are both Delaware corporations with their principal places of business in Boise, Idaho. *Id.* ¶¶ 5-6. Keynetics Inc. and Click Sales Inc. are not citizens of California. Therefore, the citizenship of at least one proposed class member—Plaintiff—is different than that of one of the Defendants.

10. The amount in controversy exceeds $5 million. *See* § 1332(d)(2). Although Plaintiff does not allege a specific aggregate damages amount, he seeks liquidated damages of $1,000 per unlawful email message, attorneys' fees, and injunctive relief. FAC ¶¶ 72-79. As set forth below, the alleged facts support a finding that the amount in controversy exceeds $5 million in the aggregate. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

11. Plaintiff alleges that the class consists of hundreds, if not thousands, of people, each of whom is entitled to tens of thousands of dollars in statutory damages. Plaintiff seeks "liquidated damages of $1,000 per unlawful email message." FAC ¶ 75. Plaintiff further alleges

that he has received "at least 86" such e-mails, which, if he were to prevail on his liability and damages theories, would amount to $86,000 in statutory damages alone. *Id.* ¶ 35. Plaintiff further alleges that "[a] sizeable number" of the 19,268 members of the "C, Linux and Networking" LinkedIn group are members of the class. *Id.* ¶ 55. California is a major center of software development, and it is reasonable to assume that the group—geared towards software programmers—contains a large number of members who are California residents. Even if 5,000 of the 19,268 members—roughly one-fourth—are California residents and receive one such e-mail, this amounts to $5 million in liquidated damages alone. And if even one percent of the "C, Linux and Networking" LinkedIn group received half as many emails as Plaintiff alleges he received, the statutory damage amount alone would exceed $5,000,000.

12. The above calculation does not include the injunctive relief or attorneys' fees sought by Plaintiff, which are also included in the aggregate amount. The FAC prays for attorney's fees as authorized by Bus. & Prof. Code § 17529.5. *See* FAC ¶ 76. When considering the amount in controversy for purposes of CAFA jurisdiction, courts in this Circuit have found that a request for attorneys' fees can be estimated as an additional 25% of any potential recovery to the amount in controversy. *See Giannini v. Nw. Mut. Life Ins. Co.*, No. 12-77, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (quoting another source) (concluding that the defendants' estimation of attorneys' fees as twenty-five percent was "not unreasonable" after noting that this Circuit "'has established 25% of the common fund as a benchmark award for attorney fees'"). Accordingly, the FAC meets both the minimal diversity and amount in controversy requirements for federal jurisdiction under CAFA.

13. The exceptions to removal under 28 U.S.C. §1332(d) do not apply. The local controversy exception requiring the U.S. District Court to decline to exercise jurisdiction applies only when "greater than two-thirds" of the proposed class members are "citizens of the State in which the action was originally filed." §1332(d)(4)(A)(i)(I). Here, all members of the proposed class are "California residents." FAC ¶ 53; *cf. Aviles v. Quik Pick Express, LLC*, No. 15-5214, 2015 WL 5601824, at *3 (C.D. Cal. Sept. 23, 2015) (finding the "putative class definition

regarding California residents, rather than citizens . . . insufficient alone to establish the two-thirds California citizens requirement under the 'local controversy' exception").

14.   Even assuming that each of these residents is domiciled in California, Plaintiff cannot meet his burden of demonstrating that the requirements of § 1332(d)(4) are met. *See Bradford v. Bank of Am. Corp.*, No. 15-5201, 2015 U.S. Dist. LEXIS 120800, at *18-19 (C.D. Cal. Sep. 10, 2015) (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880 (9th Cir. 2013)) (concluding that the plaintiff failed to meet his burden where the plaintiff presented no evidence to demonstrate the elements of the local controversy exception).  Here, Defendant 418 Media LLC, which Plaintiff alleges has its principle place of business in California, is not a "significant" Defendant in this matter.  Plaintiff does not seek "significant relief" from 418 Media LLC.  *See* §1332(d)(4)(A)(i)(II)(aa).  Nor does Plaintiff allege that 418 Media LLC's "conduct forms a significant basis for the claims asserted by the proposed plaintiff class." *See* §1332(d)(4)(A)(i)(II)(bb).  Plaintiff's sole allegation with respect to 418 Media LLC is that it owns the domain name linkedinfluence.com, only one of the five websites that he alleges were advertised in the unsolicited emails he received.  FAC ¶ 7.

15.   In contrast, Plaintiff's allegations all focus on Keynetics Inc. and Click Sales Inc., doing business as ClickBank. *See, e.g.*, *id.* ¶¶ 15-20, 27, 37, 56, 60-62; *see also Christmas v. Union Pac. R.R. Co.*, No. 15-02612, 2015 WL 5233983, at *4 (C.D. Cal. Sept. 8, 2015) ("For California Defendants to fulfill the local defendant requirement of the 'local controversy' exception, California Defendants must be the primary focus of the claims.").  Moreover, unlike the other Defendants allegedly involved in each e-mail at issue, Plaintiff alleges that 418 Media LLC owns only one of the five domains at issue. *See* FAC ¶¶ 7, 27 (alleging that the e-mails at issue advertised linkedinfluence.com, paidsurveyauthority.com,takesurveysforcash.com, click4surveys.com, and getcashforsurveys.com, and that 418 Media LLC owns the domain name to one of the listed sites, linkedinfluence.com); *see also Christmas*, 2015 WL 5233983, at *6-7 (finding that the local controversy exception did not apply where the local defendants were only alleged to have contact with some of the proposed class members ).

/ / /

**NOTICE AND SERVICE**

16.    Defendants, in accordance with 28 U.S.C. § 1446(d), will promptly provide written notice of this removal, together with a copy of this Notice, to Plaintiff, through counsel, and will file a copy of this Notice with the Superior Court of the State of California for the County of San Francisco.

Dated:    February 10, 2016        Respectfully submitted,

FENWICK & WEST LLP

By:  /s/ *Tyler G. Newby*
      Tyler G. Newby

Attorneys for Defendants
KEYNETICS INC. and CLICK SALES INC.