| | |
|---|---|
| 1 | Kavon Adli, California State Bar No. 203040 |
| 2 | Seth W. Wiener, California State Bar No. 203747 |
|   | THE INTERNET LAW GROUP |
| 3 | 609 Karina Court |
|   | San Ramon, CA 94582 |
| 4 | Telephone: (925) 487-5607 |
| 5 | Facsimile:  (310) 356-3257 |
| 6 | Attorneys for Defendants |
|   | 418 Media LLC and Lewis Howes |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SILVERSTEIN, individually and on behalf of all other California residents similarly situated, | Case No.:  16-CV-00684-DRM |
| Plaintiffs, | **DEFENDANTS 418 MEDIA LLC'S AND LEWIS HOWES' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | Date:    March 24, 2016 |
| KEYNETICS INC., a Delaware corporation; CLICK SALES INC., a Delaware corporation; 418 MEDIA LLC; an Ohio Limited Liability Company; and DOES 1-100, | Time:    11:00 a.m. |
| | Ctrm,:   4, 3rd Floor |
| | Judge:   Hon. Donna M. Ryu |
| Defendants. | |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 24, 2016, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Donna M. Ryu, in Courtroom 4, on the 3rd Floor, of the Ronald Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612, Defendants 418 Media LLC and Lewis Howes will, and hereby do, move to dismiss Plaintiff William Silverstein's First Amended Class Action Complaint for Violations of California Restrictions on Unsolicited Commercial E-mail (Cal. Bus. & Pro. Code § 17529.5), pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that it fails to state a claim upon which can be granted.

Motion to Dismiss

Page 1

This Motion to Dismiss will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the record, pleadings, and papers on file herein, and upon such other further evidence as may be presented at the time of the hearing.

Dated: February 17, 2016        THE INTERNET LAW GROUP

By: _____
Kavon Adli
Seth W. Wiener
Attorneys for Defendants
418 MEDIA LLC, LEWIS HOWES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff William Silverstein ("Plaintiff") has brought a putative class action complaining of alleged unsolicited commercial e-mails that he claims to have received from the Defendants, including Defendants 418 Media LLC and Lewis Howes ("Howes"). Plaintiff's First Amended Class Action Complaint for Violations of California Restrictions on Unsolicited Commercial E-mail (Cal. Bus. & Prof. Code § 17529.5) (the "Complaint" or "FAC") alleges a single cause of action against 418 Media LLC and Howes for Violation of Business & Professions Code § 17529.5, which makes it unlawful for a person or entity to advertise in a commercial e-mail under certain circumstances. The Complaint fails to satisfy the particularity requirement for pleading alleged violations of Section 17529.5, however, as it does not provide any details regarding the allegedly illegal e-mails, such as the allegedly false or misleading content of the e-mails, the number of e-mails, or the dates of the e-mails. Also, Plaintiff's claim for violation of Section 17529.5 is also preempted by the Controlling the Assault of Non–Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"). Based on the foregoing, the Complaint should be dismissed as to 418 Media LLC and Howes.

## II. THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT

418 Media LLC and Howes do not concede that the allegations in the Complaint are accurate and will deny them at the appropriate time. Without conceding that any are valid, Plaintiff's material allegations in the Complaint are as follows.

Plaintiff "William Silverstein ('Silverstein') is an individual who is a resident of the State of California and receives email on a computer located within California." (FAC ¶ 4).

"Silverstein received unlawful email advertising ('spams') linking to web pages at *linkedinfluence.com*, *paidsurveyauthority.com*, *takesurveysforcash.com*, *click4surveys.com*, and *getcashforsurveys.com* because of his membership in the LinkedIn group 'C, Linux Networking

Motion to Dismiss

2 Group'." (FAC ¶ 4). "Plaintiff is informed and believes and thereon alleges that 418 Media LLC owns the domain name and operates the web site located at *linkedinfluence.com*." (FAC ¶ 7).[1] "Lewis Howes … owns and operates 418 Media LLC." (FAC ¶ 12).

"The emails at issue are 'commercial email advertisements' because they advertise paid survey products sold by Keynetics at *linkedinfluence.com*, *paidsurveyauthority.com*, *takesurveysforcash.com*, *click4surveys.com*, and *getcashforsurveys.com web sites*. The emails are 'unsolicited commercial email advertisements' because no Plaintiff ever gave Keynetics 'direct consent' to send him or her commercial emails, nor did any Plaintiff have a 'preexisting or current business relationship' with Keynetics or Click Sales." (FAC ¶ 27) (footnotes omitted).

Plaintiff alleges that "[a]ll of the spams at issue were sent from the domain *linkedin.com*" and further alleges, on information and belief, "that LinkedIn did not authorize the use of its domain in the email messages at issue in this action." (FAC ¶ 30). Based thereon, Plaintiff contends that the emails violate "Business & Professions Code § 17529.5(a)(1) [which] prohibits spams containing or accompanied by a third party's domain name without the permission of the third party." (FAC ¶ 28).

Plaintiff alleges that the emails have "various falsified or misrepresented From Names including, but not limited to: 'Whitney Spence,' 'Ariella Rosales,' 'Nona Paine,' 'Gracelynn Ho,' 'Elinor Francois,' 'JANET Noah,' 'Isabel Donahue,' 'Flora Sam,' 'Jamila Trejo,' or 'MEAGAN Zachery'" and that "[n]one of the From Names identify Keynetics, Click Sales, or ClickBank. *linkedinfluence.com*, *paidsurveyauthority.com*, *takesurveysforcash.com*, *click4surveys.com*, or *getcashforsurveys.com*." (FAC ¶¶ 36, 37). Based thereon, Plaintiff contends that the emails violate "Business & Professions Code § 17529(a)(2) [which] prohibits misrepresented information in email headers." (FAC ¶ 41).

Plaintiff seeks "liquidated damages of $1,000 per unlawful email message pursuant to Business & Professions Code § 175295(b)(1)(B)(ii)". (FAC ¶ 75).

---

[1] In fact, the website *linkedinfluence.com* is owned and operated by Defendant Inspired Marketing LLC, as stated on the Terms & Conditions of Use of the website. http://linkedinfluence.com/tos.php

Motion to Dismiss
Page 2

## III.   ARGUMENT

### A.   Standard on Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits this Court to dismiss Plaintiff's claim for Violation of Business & Professions Code § 17529.5 for failure to state a claim upon which relief can be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hartmann v. California Department of Corrections and Rehabilitation*, 707 F.3d 1114, 1122 (9th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

This Court may dismiss Plaintiff's case without leave to amend if Plaintiff is unable to cure the defect with its Complaint by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. (Cal.) 2000).

### B.   Business & Professions Code Section 17529.5

Plaintiff sues under Business & Professions Code § 17529.5, subdivisions (a)(1) and (a)(2), which provides:

> (a)   It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:
>
> (1)   The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
>
> (2)   The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information …

Bus. & Prof. Code § 17529.5, subd. (a)(1)-(3).

Section 17529.5, subdivision (b), in turn, contains an enforcement provision that permits "an electronic mail service provider" or "a recipient of an unsolicited commercial e-mail advertisement"

Motion to Dismiss

Page 3

to "bring an action against a person or entity that violates any provision of this section." Bus. & Prof. Code § 17529.5, subds. (b)(1)(A)(i)-(iii).

### C. Claims for Violation of Business and Professions Code § 17529.5 Must Be Pled With Particularity

California district courts have consistently held that claims for violation of Business and Professions Code § 17529.5 sound in fraud, and that the contents of the emails allegedly violating the statute must be plead with particularity.

In *Asis Internet Servs. v. Optin Global, Inc.*, 2006 U.S. Dist. LEXIS 46309, at *10 (N.D. Cal. June 30, 2006), the District Court for the Northern District of California addressed, as a question of first impression, "whether Rule 9(b)[2] applies to claims brought under … California Business & Professions Code § 17529.5 …" The court found that Rule 9(b) applied to the plaintiff's allegations "that the contents of the emails themselves, including their headers and subject line information, were fraudulent …" *Id*. at *14. It found that this particularity requirement was not met by the complaint's allegations that the defendants sent emails with subject lines that "were false and misleading and would be likely to mislead a recipient," as the complaint did "not provide an example or otherwise specify the manner in which the subject lines were false and misleading." *Id*. The court dismissed the complaint on the grounds that the plaintiff's allegations of fraud "have not been plead with particularity as required by Rule 9(b)." *Id*. at *16.

In *Asis Internet Servs. v. Subscriberbase Inc*., 2009 U.S. Dist. LEXIS 112852 (N.D. Cal. Dec. 4, 2009), the court found "that Plaintiffs must plead their claim for violations of section 17529.5 with particularity, in accordance with Rule 9(b) of the Federal Rules of Civil Procedure." *Id*. at *9-*10. It stated:

> Defendants also fault Plaintiffs for alleging 2456 separate violations of section 17529.5, but only including a handful of (i.e., twenty-one) sample emails that specifically show the subject line, date, sender, and contents of the emails. … This argument has merit. Although Plaintiffs attach an appendix that apparently lists every email subject line …, this lacks important information about the sender, date, and content of the emails, and does not indicate how many copies of each email were received. Plaintiffs claim that the 2,456 emails are redundant, but they still contain roughly 230 different subject lines. The Court recognizes

---

[2] Federal Rule of Civil Procedure Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

Motion to Dismiss
Page 4

> that it would be impractical to require the submission of 2,456 emails, or even 230 sample emails. However, Plaintiffs can, at the very least, submit an appendix that contains each subject line, the total number of emails that bore it, and specific information about each email that bore it, including the sender, the date it was sent, and the landing site to which the email directs the recipient. As it is still useful to have a small number of sample emails, Plaintiffs should include with the amended complaint the sample emails that they included with their original Complaint; they need not include full samples of all 230 types of Defendants' emails.

*Id*. at *12-*13. The court dismissed the complaint in its entirety. *Id*. at *13.

In *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 945 (N.D. Cal. 2009), the court found that a complaint for violation of Section 17529.5 did not satisfy Rule 9(b) as "it provides only general allegations and a few examples of the allegedly misleading emails." The court stated that "Plaintiffs must … provide more than general allegations regarding the false advertisements and examples.… To satisfy the particularity requirement, the complaint must provide, at a minimum, the specifics regarding (including an example of) each type of allegedly false or misleading advertisement, the number of those advertisements and the date ranges of the emails in each category." *Id.*

Lastly, in *Hypertouch, Inc. v. Azoogle.com, Inc*., 2009 U.S. Dist. LEXIS 25999, *3 (N.D. Cal. Mar. 19, 2009), the court found that a claim for violation of Section 17529.5 "sound[ed] in fraud" and "must be pleaded in conformity with Rule 9(b)." The court found that the claim was subject to dismissal as it did not allege the person(s) who specifically engaged in the fraudulent conduct or how the use of a third-party domain name was "fraudulent and false." *Id*. at *4.

### D. The Complaint Is Not Pled With the Requisite Specificity

Plaintiff's Complaint must be dismissed because it is not pled with the requisite detail. The pleading deficiencies with the Complaint are set forth below.

First, the Complaint does not identify the dates that any of the allegedly illegal emails were sent or received by Plaintiff. This information is in Plaintiff's possession, since the Complaint alleges that "Plaintiff received the spams …" (FAC ¶ 25).

Second, the Complaint does not identify either the sender(s) of the emails that purported advertised *linkedinfluence.com*. Again, this information is in Plaintiff's possession, and must be provided.

Motion to Dismiss

Page 5

Third, the Complaint does not identify any specific e-mails advertising *linkedinfluence.com* without the permission of LinkedIn Corporation, as would be necessary to state a valid claim against 418 Media LLC and Howes for violation of Business & Professions Code § 17529.5, subdivision (a)(1).

Fourth, and finally, the Complaint does not identify any specific e-mails advertising *linkedinfluence.com* that contained purportedly false "from" lines as would be necessary to state a valid claim against 418 Media LLC for violation of Business & Professions Code § 17529.5, subdivision (a)(2). As demonstrated above, to satisfy the particularity requirement, Plaintiff must provide each of the allegedly false "from" lines. 418 Media LLC anticipates that Plaintiff will resist providing this information because it will show that the "from" lines did not falsify or misrepresent the sender's identity. *See Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1101 (2012) (holding that "header information in a commercial e-mail is falsified or misrepresented for purposes of section 17529.5(a)(2) when it uses a sender domain name that neither identifies the actual sender on its face nor is readily traceable to the sender using a publicly available online database such as WHOIS," but noting that the presence of other information identifying the sender in the body of the e-mail could affect liability under the statute).

Based on the foregoing pleading deficiencies, the Complaint is fatally uncertain to as 418 Media LLC and Howes, and fails to state a claim against them for violation of Business and Professions Code § 17529.5, subdivisions (a)(1) and (2).

### E. The Federal CAN-SPAM Act Preempts Plaintiff's Claim for Violation of Business and Professions Code § 17529.5, Subdivisions (a)(1) and (2)

Plaintiff's claims for violation of Business and Professions Code § 17529.5, subdivisions (a)(1) and (2) are also subject to dismissal, as they are preempted by the Controlling the Assault of Non–Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§ 7701, *et seq*.

Congress enacted the CAN–SPAM Act "in response to mounting concerns associated with the rapid growth of spam e-mail." *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 823 (2011) (citation omitted). "The Act does not ban spam outright, but rather provides a code of conduct to regulate commercial e-mail messaging practices. Stated in general terms, the CAN–SPAM Act

prohibits such practices as transmitting messages with 'deceptive subject headings' or 'header information that is materially false or materially misleading.'" *Id.* (citations and quotations omitted).

The CAN–SPAM Act includes the following preemption provision:

> This Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. § 7707(b)(1). "The preemption clause reflects one of the primary goals of the CAN-SPAM Act: to regulate commercial electronic mail 'on a nationwide basis.' (15 U.S.C. § 7701(b)(1).) As stated in the congressional findings accompanying the Act, the federal statute was intended … to implement one national standard regarding the content of commercial e-mail because 'the patchwork of state laws had proven ineffective ….' " *Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1412 (2014) (citations and quotations omitted).

In *Kleffman v. Vonage Holdings Corp.,* 49 Cal. 4th 334, 346 (2010), the California Supreme Court, in discussing the scope of the CAN-SPAM Act's preemption provision in the context of a claim for violation of Section 17529.5, explained "that a state law requiring an e-mail's 'from' field to include the name of the person or entity who actually sent the e-mail or who hired the sender constitutes 'a content or labeling requirement' that 'is clearly subject to preemption.'"  Consistent therewith, other courts have ruled that Section 17529.5 claims based on the use of fanciful domain names are preempted by the CAN-SPAM Act. *See, e.g., Kleffman v. Vonage Holdings Corp.*, 2007 U.S. Dist. LEXIS 40487, *4 (C.D. Cal. May 23, 2007) (holding that CAN-SPAM Act preempted Section 17529.5 claim based on allegation that emails sent by defendant did not identify defendant in the domain name); *Asis Internet Servs. v. Member Source Media, LLC,* 2010 U.S. Dist. LEXIS 47865, *13-*14 (N.D. Cal. Apr. 20, 2010) (stating "'[t]here is nothing inherently deceptive in . . . [the] use of fanciful domain names'" and holding that "the § 17529.5 claim based on the headers … is therefore preempted.") (citation omitted).

Here, Plaintiff's claim for violation of subdivision (a)(1) of Section 17529.5 is predicated on the allegation that Defendants sent mails that "violate[d] LinkedIn's user agreement …"  (FAC ¶ 30). As demonstrated above, this claim does not allege a deceptive practice, and is therefore preempted by

the CAN-SPAM Act.  *See Hypertouch, supra*, 192 Cal. App. 4th at 833 ("'CAN-SPAM Act forbids state statutes that reach non-deceptive practices'") (citation omitted).

Plaintiff's claims for violation of subdivision (a)(2) of Section 17529.5 are predicated, *inter alia*, on the allegation that "the From Names all misrepresent *who* is advertising in the spams."). Plaintiff has not, however, identified any emails advertising *linkedinfluence.com* that contained false "From" lines, as would be required for his claim against 418 Media LLC to survive preemption under the CAN-SPAM Act.  *See Hypertouch, supra*, 192 Cal. App. 4th at 833 ("CAN-SPAM Act's savings clause applies to any state law that prohibits material falsity or material deception in a commercial e-mail …") (emphasis added).

In conclusion, the Court should dismiss Plaintiff's claim for violation of subdivisions (a)(1) and (2) of Section 17529.5 because said claims are preempted by the CAN-SPAM Act.

### F.      **Plaintiff Has Not Pled Sufficient Facts To Sustain An Action Against Howes as an Individual Defendant**

The only allegation made in the Complaint against Howes is that he "owns and operates 418 Media LLC." (FAC ¶ 12). Nowhere in Plaintiff's Complaint does Plaintiff allege wrongdoing by Howes in his capacity as an individual.

"To assert claims against individual defendants, a complaint must contain allegations indicating how the [individual] defendant violated the law or injured the plaintiff in order to survive a motion to dismiss." *Silicon Knights, Inc., v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1308 (N.D. Cal. 1997). It is not sufficient to merely allege that individuals are liable for the purported misconduct of a corporation or other business entity by reason of their association with that corporation. Thus, any claim against Howes must be based on conduct in his individual capacity, as opposed to conduct on behalf of 418 Media LLC. *See Wady v. Provident Life & Accident Ins. Co.*, 216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002).

Here, Plaintiff has failed to allege that Howes was personally responsible for any of the emails at issue. Plaintiff's claim should only have been asserted, if at all, against the entities responsible for the emails, and not Howes. Since Plaintiff has failed to allege any specific acts on the part of Howes

1  which would support the imposition of personal liability on him for Violation of Business and
2  Professions Code § 17529.5, the Court should dismiss the Complaint as to Howes with prejudice.

### IV. CONCLUSION

Plaintiff's Complaint is uncertain and fails to plead a valid claim against 418 Media LLC and Howes for violation of Business and Professions Code § 17529.5, as it does not provide any details regarding the emails advertising *linkedinfluence.com*. Further, Plaintiff's claim for violation of Section 17529.5 is also preempted by the CAN-SPAM Act. Based on the foregoing, the Complaint should be dismissed against 418 Media LLC and Howes with prejudice.

Dated:  February 17, 2016                          THE INTERNET LAW GROUP

                                                   By: _____
                                                   Kavon Adli
                                                   Seth W. Wiener
                                                   Attorneys for Defendants
                                                   418 MEDIA LLC, LEWIS HOWES