Kavon Adli, California State Bar No. 203040
Seth W. Wiener, California State Bar No. 203747
THE INTERNET LAW GROUP
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Facsimile:  (310) 356-3257

Attorneys for Defendants
418 Media LLC and Lewis Howes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SILVERSTEIN, individually and on behalf of all other California residents similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KEYNETICS INC., a Delaware corporation; CLICK SALES INC., a Delaware corporation; 418 MEDIA LLC; an Ohio Limited Liability Company; and DOES 1-100,<br><br>　　　　Defendants. | Case No.:  16-CV-00684-DRM<br><br>**DEFENDANTS 418 MEDIA LLC'S AND LEWIS HOWES' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　　April 14, 2016<br>Time:　　11:00 a.m.<br>Ctrm,:　　4, 3rd Floor<br>Judge:　　Hon. Donna M. Ryu |

## I. INTRODUCTION

Defendants 418 Media LLC and Lewis Howes have moved to dismiss Plaintiff William Silverstein's ("Plaintiff") First Amended Class Action Complaint for Violations of California Restrictions on Unsolicited Commercial E-mail (Cal. Bus. & Prof. Code § 17529.5) (the "Complaint" or "FAC"). There are three separate and independent reasons why this Motion to Dismiss should be granted. First, Plaintiff's claim for violation of Section 17529.5 is preempted by the Controlling the Assault of Non–Soliticed Pornography and Marketing Act of 2003 ("CAN-SPAM Act"). Second, the Complaint does not plead any wrongdoing by Howes. Third, the Complaint fails to satisfy the particularity requirement for pleading alleged violations of Section 17529.5, as it does not provide any details regarding the allegedly illegal e-mails, such as the dates of the emails, the senders of the emails, the subject lines of the emails, or the allegedly false or misleading content of the e-mails. While the Complaint could conceivably be amended to provide more details concerning the emails at issue, it is clear that the first two defects are not curable by amendment, and, accordingly, the Complaint should be dismissed with prejudice as to 418 Media LLC and Howes.

## II. ARGUMENT

### A. The Federal CAN-SPAM Act Preempts Plaintiff's Claim for Violation of Business and Professions Code § 17529.5 (a)(1) and (2)

Plaintiff's claim for violation of Business and Professions Code § 17529.5(a)(1) and (2), must be dismissed, as it preempted by the Controlling the Assault of Non–Soliticed Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§ 7701, *et seq.*

#### 1. The Preemption Provision of the CAN-SPAM Act

The CAN–SPAM Act "supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). "The preemption clause reflects one of the primary goals of the CAN-SPAM Act: to regulate commercial electronic mail 'on a nationwide basis.' (15 U.S.C. § 7701(b)(1).) As stated in the congressional findings accompanying the Act, the federal statute was intended … to implement one

1  national standard regarding the content of commercial e-mail because 'the patchwork of state laws had
2  proven ineffective ….'" *Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1412 (2014)
3  (citations and quotations omitted).
4       Thus, the CAN-SPAM Act expressly preempts all state laws related to spam email, except to
5  the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic
6  mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). The Ninth Circuit explained
7  the scope of this preemption in *Gordon v. Virtumundo*, 575 F.3d 1040, 1061-1062 (9th Cir. 2009), in
8  which it held that "the express language of § 7707 demonstrated Congress's intent that the CAN-
9  SPAM Act broadly preempt state regulation of commercial email with limited, narrow exception,"
10  and further held that "the exception language, read as Congress intended, refers to 'traditionally
11  tortious or wrongful conduct.'"

### 2. Plaintiff's Claim for Violation of Section 17529.5(a)(1) Is Preempted

13       Section 17529.5(a)(1) provides that it is unlawful to send a commercial e-mail advertisement
14  that "contains or is accompanied by a third-party's domain name without the permission of the third
15  party." Plaintiff alleges that Defendants violated Section 17529(a)(1) by sending emails "from the
16  domain *linkedin.com*" that "violate[d] LinkedIn's user agreement …"  (FAC ¶ 30).
17       In their Opposition, Plaintiff submits that "Section 17529.5(a)(1) prohibits falsity and
18  deception because using the domain name of a third party conceals the identity of the actual sender of
19  an email" (ECF No. 14, p. 6:17-18), and, therefore, their claim for violation of Section 17529.5(a)(1)
20  is excepted from preemption.  Plaintiff cites no cases supporting this position, nor are there any.
21  Rather, California and federal court have consistently held that the CAN-SPAM Act preempts claims
22  based on allegations that e-mails used domain names that did not accurately identify the sender. *See,*
23  *e.g., Kleffman v. Vonage Holdings Corp.*, 2007 U.S. Dist. LEXIS 40487, *4 (C.D. Cal. May 23, 2007)
24  (holding that CAN-SPAM Act preempted Section 17529.5 claim based on allegation that emails sent
25  by defendant did not identify defendant in the domain name); *Asis Internet Servs. v. Member Source*
26  *Media, LLC,* 2010 U.S. Dist. LEXIS 47865, *13-*14 (N.D. Cal. Apr. 20, 2010) (stating "'[t]here is
27  nothing inherently deceptive in . . . [the] use of fanciful domain names'" and holding that "the §
28  17529.5 claim based on the headers … is therefore preempted.") (citation omitted).

### 3. Plaintiff's Claim for Violation of Section 17529.5(a)(2) Is Preempted

Plaintiff's claim for violation of Section 17529.5(a)(2) is based on the allegation that "the From Names all misrepresent *who* is advertising in the spams."(FAC ¶ 34). This claim is clearly preempted by the CAN-SPAM Act. As explained by the California Supreme Court, in *Kleffman v. Vonage Holdings Corp.,* 49 Cal. 4th 334, 346 (2010), "a state law requiring an e-mail's 'from' field to include the name of the person or entity who actually sent the e-mail or who hired the sender constitutes 'a content or labeling requirement' that 'is clearly subject to preemption.'"

### B. The First Amended Complaint Must Be Dismissed As To Howes Because Plaintiff Does Not Allege Any Wrongdoing By Howes

Howes should be dismissed from the lawsuit, because the Complaint does not allege any wrongdoing by Howes. Indeed, the only allegation concerning Howes in the Complaint is that he "owns and operates 418 Media LLC." (FAC ¶ 18). Plaintiff's Opposition does not dispute that the claim against Howes is insufficiently pled, and does not identify any amendments that could be made to the Complaint in order to assert a viable claim against Howes. Therefore, the Court should dismiss the Complaint with prejudice as to Howes.

### C. Plaintiff's Claim for Violation of Business and Professions Code § 17529.5 Is Not Pled With the Requisite Specificity

Plaintiff's claim for violation of Business and Profession Code § 17529.5 must be dismissed, because it is not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

California district courts have consistently held that claims for violation of Business and Professions Code § 17529.5 sound in fraud, and that the contents of the emails allegedly violating the statute must be plead with particularity. *See, e.g., Asis Internet Servs. v. Optin Global, Inc.*, 2006 U.S. Dist. LEXIS 46309, at *14 (N.D. Cal. June 30, 2006) (holding that claims brought under Section 17529.5 must be plead with particularity, including "the contents of the emails themselves, including their headers and subject line information …"); *Asis Internet Servs. v. Subscriberbase Inc.*, 2009 U.S. Dist. LEXIS 112852, *9-*13 (N.D. Cal. Dec. 4, 2009) (holding that "plaintiffs must plead their claim for violations of section 17529.5 with particularity" and "at the very least, submit an appendix that

contains each subject line, the total number of emails that bore it, and specific information about each email that bore it, including the sender, the date it was sent, and the landing site to which the email directs the recipient."); *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 945 (N.D. Cal. 2009) (finding that a complaint for violation of Section 17529.5 was not plead with the requisite particularity as "it provides only general allegations and a few examples of the allegedly misleading emails."); *Hypertouch, Inc. v. Azoogle.com, Inc*., 2009 U.S. Dist. LEXIS 25999, *3 (N.D. Cal. Mar. 19, 2009) (dismissing a claim for violation of Section 17529.5 because it was not plead with the requisite particularity). While Plaintiff submits that the foregoing cases are all anomalous and that Defendants are "ignora[nt] of what these cases hold" (ECF Doc. No. 14, p.9:2-3), Plaintiff is unable to provide any countervailing authority supporting its assertion that its claim for violation of Section 17529.5 is not required to be plead with specificity.

Although the Complaint purports to attach "a representative sample" of the emails at issue as an exhibit (Complaint ¶ 15), it does not do so.  Also, with respect to the emails that purportedly advertised *linkedinfluence.com*, the Complaint does not state the dates of the subject emails, the sender of the emails, the subject lines of the emails, or the landing pages referenced in the emails. Plaintiff's failure to provide the details in its Complaint is unjustified, as its counsel admits that "Plaintiff could amend the complaint in this Action with a spreadsheet … listing the email, date, from Names, Subject Lines and Landing pages …" (Doc. No. 14-1, ¶ 5). In light of Plaintiff's contention that the pleading defect is curable, it should be allowed leave to amend its Second Amended Complaint in the event that the Court finds its claim for violation of Section 17529.5 is not preempted.

### III.     CONCLUSION

The action should be dismissed in its entirety as Plaintiff's claim for violation of Section 17529.5 is preempted by the CAN-SPAM Act.  Even if the Court disagrees that the claim is preempted, the Complaint should nonetheless be dismissed with prejudice as to Howes, as the Complaint does not allege any wrongdoing by him.  Finally, the Complaint is also defective as it not pled with the particularity required by Rule 9(b).

Dated: March 10, 2016                    THE INTERNET LAW GROUP

*/s/ Seth Wiener*

By: _____
Kavon Adli
Seth W. Wiener
Attorneys for Defendants
418 MEDIA LLC, LEWIS HOWES