**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM SILVERSTEIN, individually and on behalf of all other California residents similarly situated,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>KEYNETICS, INC., a Delaware corporation; CLICK SALES, INC., a Delaware corporation; 418 MEDIA, LLC., an Ohio limited liability company; LEWIS HOWES,<br><br>        Defendants-Appellees,<br><br> and<br><br>INSPIRED MARKETING, LLC; SEAN MALARKEY,<br><br>        Defendants. | No.   17-15176<br><br>D.C. No. 4:16-cv-00684-DMR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted February 12, 2018
San Francisco, California

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  KLEINFELD and TALLMAN, Circuit Judges, and JACK,[**] District Judge.

Appellant William Silverstein alleges that he has received unsolicited commercial e-mails, colloquially known as "spam," from Appellees Keynetics, Inc. and Click Sales, Inc., operating in conjunction with other Appellees.  The district court dismissed Silverstein's first and second amended complaints on the ground that his claims under California Business & Professional Code § 17529.5 were preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 *et seq.* (CAN-SPAM Act).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.  The e-mails' use of the LinkedIn.com domain name is not materially false or misleading within the meaning of the CAN-SPAM Act.  *See Gordon v. Virtumundo*, 575 F.3d 1040, 1062–64 (9th Cir. 2009).  Although LinkedIn itself did not send the e-mails, LinkedIn has an automatic e-mail feature that allows LinkedIn group members to communicate with each other.  The parties do not dispute that the e-mails actually originated from the LinkedIn.com domain, and that the senders of the e-mails would have to have been members of LinkedIn to send the e-mails.

---

[**]  The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Silverstein at most has alleged that other LinkedIn users violated the terms of LinkedIn's user agreement by using the LinkedIn domain to contact him and other group members with unauthorized spam or advertising. However, the senders' conduct does not make use of the LinkedIn domain name materially false or misleading because the e-mails did come from a LinkedIn member. Accordingly, use of the domain does not rise to the level of "traditionally tortious or wrongful conduct," as required to escape CAN-SPAM Act preemption. *See Gordon*, 575 F.3d at 1062 (quoting *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 354 (4th Cir. 2006)).

2. The "From" names were also not materially false or misleading. Silverstein did not allege that the individuals listed in the "From" field were actually known to him and that the senders misappropriated those names. *Cf., e.g., Hoang v. Reunion*, No. C-08-3518 MMC, 2010 WL 1340535, at *6 (N.D. Cal. Mar. 31, 2010) (holding that a § 17529.5 claim was not barred by *Gordon* where "plaintiffs allege that each plaintiff received an e-mail indicating the sender was an actual person known to such recipient, when, in fact, the e-mails were sent by defendant"). Nor did Silverstein allege that the "From" names deceived him as to the nature of the e-mails. It is hard to see how they could have, given that the "From" names were adjacent to clearly commercial subject lines, such as "How a newbie banked $5K THIS WEEK . . . What Nobody Told You About."

3

4

In short, the use of fictitious "From" names does not make an e-mail header materially false or misleading within the meaning of the CAN-SPAM Act where those names do not "spoof" the identities of individuals known to the recipient and are accompanied by accurate domain names and subject lines that make it clear the e-mail is commercial in nature. Therefore, Silverstein's claim is preempted by the CAN-SPAM Act.

Each party shall bear its own costs.

**AFFIRMED.**